IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOHTY LEE DUDLEY, #240749, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:07-CV-999-MHT |
| ) | [WO] |
| ) | |
| HOUSTON COUNTY SHERIFF, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Timothy Lee Dudley ["Dudley"], a state inmate, on November 5, 2007.[1] In this complaint, Dudley challenges actions undertaken with respect to his alleged rape of a fellow male inmate in September of 2005 during his incarceration at the Houston County Jail. Specifically, Dudley asserts that law enforcement officials and a jail nurse failed to adequately investigate the sexual assault allegation and did not perform all requisite tests to determine whether an offense had actually occurred. Dudley brings this suit "for

---

[1] Although the Clerk of this court stamped the complaint "filed" on November 9, 2007, it is clear that Dudley presented the complaint to prison officials for mailing prior to this date. A review of the pleadings indicates that Dudley executed his *in forma pauperis* affidavit, a document submitted simultaneously with the complaint, on November 5, 2007. *Court Doc. No. 2* at 2. The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities" on the last known date Dudley had the relevant documents in his possession. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers November 5, 2007 as the date of filing.

defamation of character and slander." *Plaintiff's Complaint - Court Doc. No. 1* at 4. Dudley names the Sheriff of Houston County, Alabama, Keith Cook, an investigator with the Houston County Sheriff's Department, Carla Speigner, a jail nurse, and Kevin Edwards, the inmate victim, as defendants in this cause of action. He seeks declaratory relief and monetary damages.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) .[2]

## I. DISCUSSION

Dudley asserts that on September 24, 2005, inmate Kevin Edwards reported that he had been raped by Dudley. *Plaintiff's Complaint - Court Doc. No. 1* at 2. Dudley complains that county officials "had me on the news stations that I did in fact do this to another man, and also in the newspapers.... The whole investigation was done in a non-professional way.... They slandered my name and defamed my character.... They charged me without a thorough investigation...." *Id*. at 2-3. It appears from the face of the complaint that the claims presented in the complaint are barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled.

---

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

>  *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985).  Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989].  Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose.  *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981).  It is undisputed that § 1983 claims were subject to a two year limitations period at that time.  *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).  At the time Dudley filed the instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years.  *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).  In Alabama, the general statute of limitations for personal injury actions is two years.  *Ala. Code* § 6-2-38(l).

The allegedly unconstitutional actions occurred in September of 2005.  On May 17, 1996, the Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners.  *Ala. Code* § 6-2-8(a) (1975, as amended).  The tolling provision of *Ala. Code* § 6-2-8(a) is therefore unavailing.  Consequently, the applicable statute of limitations expired on the claims related to Dudley's sexual assault on another inmate in September of 2007.  As previously noted, Dudley filed the instant complaint on November 5, 2007.  This filing occurred ***after*** the applicable period of limitation had expired.

Unquestionably, the statute of limitations is usually a matter which may be raised

3

as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the complaint, Dudley has no legal basis on which to proceed as he filed this cause of action more than two years after the violations which form the basis of the complaint accrued. As previously determined, the

4

statutory tolling provision provides no basis for relief. In light of the foregoing, the court concludes that Dudley's challenges to actions of the defendants with respect to his alleged sexual assault on another inmate are barred by the applicable statute of limitations and these claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[3] *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).[4]

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

This case be dismissed with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitation.

It is further

ORDERED that on or November 29, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

---

[3] The court notes that even had Dudley timely filed this complaint, his defamation/slander claim would entitle him to no relief as the law is well settled that a 42 U.S.C. § 1983 action cannot be predicated upon a theory of slander, defamation or libel. *Paul v. Davis*, 424 U.S. 693 (1976); *Cypress Ins. Co. v. Clark*, 144 F.3d 1435 (11th Cir. 1995).

[4] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 16th day of November, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE